UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
ANTHON HUBBARD/MILLS, : CASE NO. 1:12-CV-1777
:
          Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. Nos. 1, 2]
CUYAHOGA SHERIFF MEDICAL :
FACILITY, :
:
          Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro Se* plaintiff Anthon Hubbard/Mills filed this action against the "Cuyahoga Sheriff Medical Facility, " alleging he did not receive proper medical treatment while incarcerated at the Cuyahoga County Jail. He seeks monetary and injunctive relief. Plaintiff also filed a Motion to Proceed *In Forma Pauperis*. (Doc. 2). That Motion is granted.

**I. Background**

At all times relevant to the instant action, plaintiff was a pre-trial detainee in the Cuyahoga County Jail.[1] He alleges he has been diagnosed with degenerative disc disease and a deteriorated hip. (Doc. 1 at 4). He claims he has been prescribed chronic pain medications "for the rest of my

---

[1] It appears from the Cuyahoga County Court of Common Pleas docket that plaintiff was arrested on April 24, 2012 on charges of burglary, kidnaping, attempted gross sexual imposition, receiving stolen property, and sexual imposition. Plaintiff later pled guilty to gross sexual imposition, receiving stolen property, and sexual imposition. On August 23, 2012, he was classified as a Tier 1 Sexual Offender and sentenced to two years of community control. It appears he was detained in the Cuyahoga County Jail from the date of his arrest on April 24, 2012 until his release on August 23, 2012. *See* http://cpdocket.cp.cuyahogacounty.us.

life." (Doc. 1 at 4). While he states he is currently taking neurontin and hexeril for pain, plaintiff alleges these medications are inadequate and he is continuing to experience high levels of chronic pain in his lower back due to his herniated disc. (Doc. 1 at 4). Plaintiff also asserts the Cleveland Clinic prescribed him a "Tens 1000 Medical Device" but that defendant has failed to provide him with this device. He states the pain is debilitating and that "they charge me a $10 co-pay for medical treatment of no kind, and refusing to provide the services." (Doc. 1 at 5).

Plaintiff seeks $25,000 in damages for his pain and suffering. He also asks this Court to order defendant to provide him with appropriate pain medication.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

"plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Analysis

Plaintiff does not identify the legal basis for his claims regarding defendants' alleged failure to provide adequate pain medication. Giving the *pro se* Complaint a liberal construction, the Court construes plaintiff's allegations as alleging a claim under the Eighth and Fourteenth Amendments for deliberate indifference to his serious medical needs.[3] Because the Constitution does not directly provide for damages, plaintiff must proceed under one of the civil rights statutes which authorizes

---

[3] The Eighth Amendment of the U.S. Constitution prohibits prison officials from "unnecessarily and wantonly inflicting pain" on prisoners by acting with "deliberate indifference" to prisoners' serious medical needs. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004). The Eighth Amendment, however, does not apply to pretrial detainees, such as plaintiff herein. *Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001). The Fourteenth Amendment, rather, "affords pretrial detainees a due process right to adequate medical treatment that is analogous to the Eighth Amendment rights of prisoners." *Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004).

an award of damages for alleged constitutional violations. As no other statutory provision appears to present even an arguably viable vehicle for the assertion of plaintiff's constitutional claims, the Court construes them as arising under 42 U.S.C. § 1983.

In order to state a claim under § 1983, a plaintiff must show the alleged violation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001). Jails and jail medical departments are not "persons" within the meaning of § 1983. *See Hix v. Tennessee Dept. of Corr.,* 2006 WL 2431103 at ** 5 (6th Cir. Aug. 22, 2006) (finding that a state prison's medical department is not a "person" under § 1983) *Sullivan v. Hamilton County Jail Staff*, 2006 WL 1582418 at * 3 n. 1(E.D. Tenn. June 5, 2006). Thus, the Court finds that plaintiff's claims against defendant Cuyahoga Sheriff Medical Facility are subject to dismissal under §1915(e).

To the extent plaintiff's Complaint could be construed as asserting a claim against Cuyahoga County, that claim would also lack merit. Governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights. *Monell v. Dep't of Social Servs*., 436 U.S. 658, 692 (1978). Plaintiff's Complaint does not allege that the deprivation of his constitutional rights is the result of a policy or custom of Cuyahoga County.

With regard to plaintiff's claim for injunctive relief, the Court dismisses this claim pursuant to § 1915(e) as well. Plaintiff's Complaint requests that this Court require defendant to provide him with appropriate pain medication. However, the Cuyahoga County Court of Common Pleas docket indicates plaintiff was released from the Cuyahoga County Jail on August 23, 2012. *See State v. Hubbard*, Case No. CR-12-562125-A (Cuy. Cty. Ct. Cmn. Pl.). Indeed, on September 5, 2012,

plaintiff filed an Address Change Notice with this Court, indicating he is now located at a residential address in Cleveland, Ohio. (Doc. 3). As plaintiff is no longer a pre-trial detainee at the Cuyahoga County Jail, the Court finds this issue is moot and plaintiff's request for injunctive relief is dismissed as a matter of law. *See Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir 1996) (finding that § 1983 claims brought against prison for searching plaintiff's mail were "now moot as [plaintiff] is no longer confined to the institution that searched his mail").

Accordingly, the Court finds the Complaint fails to state a claim upon relief may be granted and is, therefore, subject to summary dismissal under § 1915(e).

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

Dated: November 2, 2012           *s/      James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."